In the Matter of HARRIS SURVE, Petitioner, v. ABE LAVINE, as Commissioner of New York State Department of Social Services, Respondent.— Proceeding unanimously dismissed, without costs as untimely instituted. (*Matter of Davis* v. *Kingsbury*, 27 N Y 2d 567; *Matter of Hall* v. *Leonard*, 260 App. Div. 591, 595, affd. 285 N. Y. 719; *Matter of Nelson* v. *Kelly*, 4 A D 2d 596.) Were we to reach the merits we would confirm the determination, as it was supported by substantial evidence. (*Matter of Playboy Club* v. *State Liq. Auth.*, 23 N Y 2d 544, 547; *Matter of Foster* v. *Tofany*, 31 A D 2d 987.) (Review of determination removing allowance for meals, transferred by order of Monroe Special Term.) Present — Goldman. P. J., Witmer, Moule, Cardamone and Simons, JJ.

CHRIS J. VANGELLOW et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50871.) — Judgment unanimously reversed on the law and facts, without costs and new trial granted. Memorandum: There is no evidence in the record that claimants' building was unique or a specialty which would only produce income when used in conjunction with claimants' business; hence the sole use by the court, of reproduction costs minus depreciation in arriving at building value was error as a matter of law (*Rochester Smelting & Refining Co.* v. *State of New York*, 38 A D 2d 674 and cases cited therein). There is not sufficient evidence in the record for this court to make new findings as to damages with respect to the building improvements. Claimants' appraiser did not use the income approach; hence, he provided no comparable rents for capitalization. His one whole-to-whole comparable to support the market data approach cannot sustain the award. The State's appraiser did not use sufficiently suitable comparable rents or sales in his income and market data approach to permit a fair determination of value. In view of the state of the existing record a new trial is required. (Appeals from judgment of Court of Claims, in claim for damages for permanent appropriation.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ.